RECEIVED
USDC CLERK, CHARLESTON, S(
2006 JUL 24 P 2: 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Correy T. Brown, #34817, | C.A. 2:06-388-TLW-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Sergeant Bufford, Major Myers, Alvin S. Glen Detention Center, | |
| Defendants. | |

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by a state pretrial detainee proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

On February 25, 2006, the plaintiff, Correy Brown, sued Curtis Bufford, Sargeant at the Alvin S. Glen Detention Center (AGDC) in Richland County, South Carolina, Ronaldo Myers, Major at AGDC, and the Alvin S. Glen Detention Center. Brown alleges

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

that while a pretrial detainee at AGDC he was harassed, medically neglected, subjected to cruel and unusual punishment and unsanitary living conditions, all in violation of his right to be free from cruel and unusual punishment under the eighth amendment. He seeks unspecified damages.

On March 16, 2006, the defendants filed an answer to the complaint denying all allegations and raising various defenses. On June 6, 2006, the defendants filed a motion for summary judgment with attached affidavits and exhibits, in which they raised various defenses again, including failure to exhaust administrative remedies. On June 28, 2006, the plaintiff responded to the defendants' motion, with attached exhibits and affidavits, hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

The burden of summary judgment is on the defendant, as the moving party, to demonstrate the absence of any genuine issues of material fact. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to plaintiff, as the party opposing the motion. United States v. Diebold, 369 U.S. 654, 655 (1962); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473 (1962).

In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the genuineness and materiality of any purported factual issues. Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. Fed. R. Civ. P. 56(e). See, First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).

Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial exists to resolve what reasonable minds would recognize as real factual disputes. See, Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980); Atlantic States Construction Co. v. Robert E Lee & Co., 406 F.2d 827, 829 (4th Cir. 1969).

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56 (c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that

demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56 (c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

**FACTS**

The relevant facts, either undisputed or according to the plaintiff, and taken in the light most favorable to the plaintiff as the non-moving party for purposes of the defendants' motion, to the extent supported by the record are as follow.

Correy Brown is a pretrial detainee at the Alvin S. Glen Detention Center in Richland County, South Carolina.

The Detention Center has a grievance policy which includes the filing of a grievance with staff of the detention center and an appeal to the Assistant Director or his designee. (Myers Aff. ¶ 10-11).

The plaintiff has filed many grievances with staff concerning conditions at the detention center. At least two of the grievances concerned the medical conditions and rusty pipe complained of in this complaint. The remainder of the issues in the complaint were never grieved. The plaintiff has never appealed the staff responses to any grievance to the Assistant Director. (Myers Aff. ¶12, 13 and Plaintiff's Memorandum with Attached Grievance # 06136 dated 2/4/06-2/6/06)

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Under the Prison Litigation Reform Act (PLRA), "No action shall be brought with respect to prison conditions[2] under § 1983

---

[2] The Supreme Court recently held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

5

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.

Congress enacted the PLRA in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. A plaintiff's failure to exhaust administrative remedies under § 1997e(a) before filing the lawsuit is an affirmative defense that must be pled by the defendant. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005).

The plaintiff has the burden of demonstrating that he had exhausted the prison grievance procedure or that administrative remedies were unavailable with respect to his claims before the date of the filing of his § 1983 action. See, Brown v. Tombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 119 S.Ct. 88 (1998).

---

episodes, and whether they allege excessive force of some other wrong. Porter v. Nussle, 534 U.S. 516 (2002). Also, in Booth v. Churner, 523 U.S. 731, 121 S.Ct. 1819 (2001), the Supreme Court held that under § 1997e(a) a prisoner must exhaust his administrative remedies even when the relief the prisoner seeks (money damages) is not available in the prison grievance proceedings. Id. at 1825.

**DISCUSSION**

A review of the record and relevant case law reveals that the defendants motion should be granted because of the plaintiff's failure to exhaust administrative remedies.

The undisputed evidence is that while Brown has grieved some of the incidents complained of in this complaint as well as others, the plaintiff has never appealed an initial grievance decision to the Assistant Director. That is, Brown at most has grieved some of the incidents complained of herein through the first step of the grievance procedure, but no further.

Brown has failed to meet the burden of demonstrating that he had exhausted the prison grievance procedure before the date of the filing of his § 1983 action. See, Brown v. Tombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 119 S.Ct. 88 (1998). Therefore, this action should be dismissed for failure to exhaust administrative remedies.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants motion be granted, and that all other motions be deemed moot.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
July 24, 2006

7

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *
> We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402